IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HENRY VERDELL STEVENSON (#14007981), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-1211-M-BN |
| OFFICER KING, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Henry Verdell Stevenson, proceeding *pro se*, brings this civil rights action alleging that he was denied access to a law library between February 23, 2014 and February 28, 2014, and between March 16, 2014 and March 21, 2014. On April 4, 2014, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 3 & 4. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 5. The Court sent written interrogatories to Plaintiff to obtain

additional information about the factual basis of this suit. *See* Dkt. No. 6. Plaintiff answered the interrogatories on April 25, 2014. *See* Dkt. No. 7.

In his complaint and interrogatory responses, Plaintiff accuses Detention Officers King and Singleton, the Dallas County Sheriff's Department, and Dallas County, Texas, of violating his civil rights by denying him access to the law library so that he was temporarily unable to conduct legal research into "appeals processing, illegal sentencing, punishment ranges, [his] amendments rights, [and] motion for speedy trial." *Id.* at 1. By this lawsuit, he seeks $400,000 in damages. Dkt. No. 3 at 4.

The undersigned concludes that Plaintiff's claims should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Legal standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i)  is frivolous or malicious;

(ii)  fails to state a claim on which relief may be granted; or

(iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

Plaintiff seeks to hold defendants responsible for denying him access to the law library. Such a claim must be analyzed under the more general right of access to the courts, which "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell,* 418 U.S. 539, 579 (1974).

The right of access to the courts is also recognized as one aspect of the First Amendment right to petition the government for grievances. *See California Motor Transp. Co. v. Trucking Unlimited,* 404 U.S. 508, 510 (1972); *Taylor v. Sterrett,* 532 F.2d 462, 470-72 (5th Cir. 1976). Lack of access to legal materials may constitute an unconstitutional infringement on a prisoner's right of access to the courts. *See Bounds v. Smith,* 430 U.S. 817, 828 (1977). To prevail on an access-to-the-courts claim, a prisoner must show an actual injury. *See Lewis v. Casey,* 518 U.S. 343, 349-51 (1996). Such an injury is shown when the prisoner demonstrates that the policies or actions of prison officials have hindered his ability to file a nonfrivolous legal claim. *See Christopher v. Harbury,* 536 U.S. 403, 414-22 (2002); *Lewis*, 518 U.S. at 351, 356.

In his interrogatory answers, Plaintiff was given the opportunity to set forth any injury that he has suffered due to the denial of access to a law library at the Dallas County Jail. *See* Dkt. No. 7 at 5. In response, Plaintiff states that he suffered prejudice in the instant case and that "Dallas County Sheriff Dept. detention officers of the West Tower law library failed to pick me up to go to the law library on the 6th floor from the 2nd floor, tank # 7 on Feb 23-28, 2014, Mar 16-21, 2014 to be able to prepare for court, during my appeal." *Id*. But Plaintiff does not allege that the denial of access to a law library was prejudicial in any way. Instead, Plaintiff reports that his state habeas writ was granted and that he was appointed an attorney, and he does not identify any pending state or federal lawsuits or criminal cases that were impacted by his lack of access to the law library. *See id.* at 2-3; *see also Ex parte Stevenson*, Nos. WR-79,907-01, WR-79,907-02, 2013 WL 6672941 (Tex. Crim. App. Dec. 18, 2013) (granting state

habeas writ and setting aside judgments). Consequently, Plaintiff has failed to state a claim for denial of access to the courts.

## Recommendation

Plaintiff's claims should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 29, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE